UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| QUINTE HARRIS, an individual,<br><br>                Plaintiff,<br><br>    v.<br><br>SKANSKA USA BUILDING INC.,<br>SKANSKA BALFOUR BEATTY JV,<br>MICROSOFT CORPORATION, and<br>BALFOUR BEATTY CONSTRUCTION,<br>corporations,<br><br>                Defendants. | CASE NO. C22-555RSM<br><br>ORDER GRANTING MOTION TO DISMISS WITH LEAVE TO AMEND |

## I.    INTRODUCTION

This matter comes before the Court on Defendant Microsoft's Motion to Dismiss under Rule 12(b)(6). Dkt. #23. Plaintiff Quinte Harris opposes the Motion. Dkt. #31. The Court has determined oral argument is unnecessary. For the reasons stated below, the Court GRANTS Defendant's Motion and dismisses Plaintiff's claims with leave to amend.

## II.    BACKGROUND[1]

Plaintiff Quinte Harris is a 47-year-old African American man. *See* Dkt. #22 at 3. In April 2021, Mr. Harris was hired as a journeyman laborer to work at Microsoft's Redmond

---

[1] Except as otherwise noted, the following background facts are taken from Plaintiff's Complaint, Dkt. #22, and accepted as true for purposes of ruling on this Motion to Dismiss.

ORDER GRANTING MOTION TO DISMISS WITH LEAVE TO AMEND - 1

campus modernization construction site. *Id.* at 5. He was hired directly through a joint venture between Balfour Beatty Construction ("Balfour Beatty") and Skanska USA Building, Inc. ("Skanska"). *Id.* Plaintiff alleges, without further detail, that Defendant Microsoft retained some control over its Redmond campus jobsite. *Id.* at 6. On or about May 12, 2021, Mr. Harris became aware of racial hostility from certain white construction workers. *Id.* at 7. The details of this hostility, though pled, are not relevant to the instant motion. Mr. Harris tried pursuing the proper channels to report the racism and discrimination experienced. *Id.* Nothing was done to address the discrimination claims and Mr. Harris faced subsequent retaliation. *Id.* at 10. He continued to face interference with his work through September 2021. *Id.* He then sat down for a public interview with a local journalist on October 22, 2021. *Id.* at 11. Given the nature of the interview, Microsoft was on notice about Mr. Harris's allegations. *Id.* Conditions continued to deteriorate for Mr. Harris at work through November 2021. *Id.* at 13. Finally on January 7, 2022, Mr. Harris was terminated from his job. *Id.* Mr. Harris then filed suit, bringing several claims (discrimination, retaliation, wrongful termination, negligence, and breach of contract) against all Defendants. *Id.*

Defendants Skanska and Balfour Beatty do not oppose the relief requested by Microsoft in its Motion to Dismiss. *See* Dkt. #30.

### III.  DISCUSSION

**A.  Legal Standard under Rule 12(b)(6)**

In making a 12(b)(6) assessment, the court accepts all facts alleged in the complaint as true, and makes all inferences in the light most favorable to the non-moving party. *Baker v. Riverside County Office of Educ.*, 584 F.3d 821, 824 (9th Cir. 2009) (internal citations omitted). However, the court is not required to accept as true a "legal conclusion couched as a factual allegation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550

U.S. 544, 555 (2007)). The complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Id*. at 678. This requirement is met when the plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. The complaint need not include detailed allegations, but it must have "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Absent facial plausibility, a plaintiff's claims must be dismissed. *Id*. at 570.

Where a complaint is dismissed for failure to state a claim, "leave to amend should be granted unless the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency." *Schreiber Distrib. Co. v. Serv-Well Furniture Co.*, 806 F.2d 1393, 1401 (9th Cir. 1986).

**B. Unlawful Employment Discrimination, Retaliation, and Wrongful Termination Claims (Claims I, II, III and IV)**

Defendant argues that under Title VII and RCW 49.60.180 Microsoft is not considered to be Plaintiff's employer, rendering Harris's claims for unlawful employment discrimination, retaliation, and wrongful termination futile. *See* Dkt. #23 at 4-5.

For any of these four claims to be valid, an employer-employee relationship must exist between Harris and Microsoft. *See Lutcher v. Musicians Union Local 47*, 633 F.2d 880, 883 (9th Cir. 1980). Common-law agency principles are used to analyze whether an employer-employee relationship exists under Title VII. *See EEOC v. Global Horizons, Inc.*, 915 F.3d 631, 637 (9th Cir. 2019). "Under the common-law test, the 'principal guidepost' is the element of control—that is, 'the extent of control that one may exercise over the details of the work of the other.'" *Id*. at 638 (quoting *Clackamas Gastroenterology Assocs., P.C. v. Wells,* 438 U.S. 440, 448 (2003)). Similarly, courts in Washington assess the "right to control the manner of doing the work

ORDER GRANTING MOTION TO DISMISS WITH LEAVE TO AMEND - 3

involved" to determine whether an employer-employee relationship exists under RCW 49.60.180. *See DeWater v. State*, 130 Wn.2d 128, 140, 921 P.2d 1059, 1065 (1996).

Plaintiff alleges that Microsoft is liable here because it was the landowner. *See* Dkt. #22 at 18-19. He also asserts that because Skanska and Balfour Beatty were acting as Microsoft's agents, managing its property during construction, Microsoft is liable for their unlawful conduct under the doctrine of *respondeat superior*. *See* Dkt. #31 at 7 (quoting *Burlington Indus., Inc. v. Ellerth*, 524 U.S. 742, 764 (1998)).[2] The Court disagrees with both theories of liability. Plaintiff has not pled that Microsoft was an employer, or had any control over Harris's employment, details or manner of his work. While courts can also look to agency law principles to determine whether someone is an employer under Title VII, Plaintiff has not pled sufficient facts to show there is a principal/agent connection between Microsoft and Harris. *Anderson v. Pac. Maritime Ass'n*, 336 F.3d 924, 930 (9th Cir. 2003) (this connection is required for a claim to fall under Title VII). This alone is dispositive.

Consequently, the remaining claims cannot be proven because "[a]n action for wrongful discharge depends, by definition, upon termination of employment." *See Awana v. Port of Seattle*, 121 Wn. App. 429, 432, 89 P.3d 291, 292 (2004). Since Plaintiff has not shown Defendant Microsoft owed him a duty in the first place (as there is no employer-employee relationship), any arguments related to nondelegable duties against discrimination, retaliation, or unlawful termination are irrelevant. Accordingly, Plaintiff's claims I, II, III, and IV are properly dismissed against this Defendant.

**C. Common-Law Duty (Claims V and VII)**

---

[2] This case is not factually on point here as it stood for the proposition that an employer was liable to one employee for the conduct of another employee.

Plaintiff next alleges that Microsoft was negligent in its supervision of Skanska and Balfour Beatty and in failing to correct a hostile work environment. *See* Dkt. #22 at 23-24. He further asserts that Microsoft is liable for negligent acts of its agents. *Id.* Similar to the previous claims, Defendant argues that it did not owe Plaintiff any duty. *See* Dkt. #23 at 10 (quoting *Vargas v. Inland Washington, LLC*, 194 Wn.2d 720, 724, 452 P.3d 1205, 1209 (2019) ("To prove negligence, [Plaintiff] must show the existence of a duty, breach of the duty, and injury to plaintiff proximately caused by the breach.")). Furthermore, Defendant asserts that retention of control is a prerequisite to finding any common-law duty of negligence. *See* Dkt. #34 at 5-6 (quoting *Eylander v. Prologis Targeted U.S. Logistics Fund*, 513 P.3d 834, 836 (Wash. Ct. App. 2022). In response, Plaintiff asserts that Microsoft was on notice about the discrimination and hostility Harris was encountering. *See* Dkt. #31 at 9-10. Thus, he argues, Microsoft's involvement in the culture of the worksite is a "believable inference" that it owed a duty to intervene and alleviate the alleged discrimination. *Id.* at 6.

The Court agrees with Microsoft that Plaintiff has not pled sufficient facts here. Plaintiff has not alleged that Microsoft engaged in any discrimination itself. Furthermore, Plaintiff has failed to allege any facts showing that Microsoft *retained* any control over the *manner* of work on the job site or that Harris was injured *within the scope* of that control.[3] *See Farias v. Port Blakely Co.*, 22 Wn. App. 2d 467, 473, 512 P.3d 574, 581 (2022). Finally, Plaintiff has failed to provide any authority to back up his assertions that being on notice about discrimination constitutes a duty

---

[3] Plaintiff asserts that whether Microsoft retained any control is a question of fact and should be left to the trier of fact. *See* Dkt. #31 at 9. However, Plaintiff has not pled enough facts thus far that allows the Court to draw reasonable inferences that Defendant is liable here for the misconduct alleged. Absent facial plausibility, a plaintiff's claims must be dismissed.

or liability on behalf of a landowner or client of construction company without more factual support. Thus, Plaintiff's negligence claims (Claims V and VII) are also properly dismissed.

### D. Third-Party Beneficiary (Claims VI and VIII)

Defendants argue that Harris has failed to allege he had any contractual relationship with Microsoft, and thus cannot enforce a valid breach of contract claim or be entitled to relief under 42 U.S.C. § 1981. *See* Dkt. #23 at 12-14.  Under the statute, a claim "must initially identify an impaired 'contractual relationship,' under which the plaintiff has rights." *Domino's Pizza, Inc. v. McDonald*, 546 U.S. 470, 476 (2006) (quoting 42 U.S.C. §191(b)).  While a third-party beneficiary may be able to bring a section 1981 claim, Plaintiff has failed to allege he is such a beneficiary.  Plaintiff does not cite to any provisions in Microsoft's contract with Skanska and Balfour Beatty, but simply asserts that he was "an intended third party beneficiary" of that contract as implied by its terms. *See* Dkt. #31 at 11-12 (noting "as [a] worker on the jobsite, [he] was a natural beneficiary of the" contract).  The Court disagrees. This principle has been rejected by Washington courts. These courts have "recognized that a party must be intended as a third party beneficiary to benefit from a contract," and that "[a]n employee is not automatically considered a third party beneficiary covered by an employer's contract." *See Minton v. Ralston Purina Co.*, 146 Wn.2d 385, 47 P.3d 556 (2002).  Accordingly, Plaintiff's claims VI and VIII are properly dismissed.

### E. Leave to Amend

A "court should freely give leave [to amend] when justice so requires," Fed. R. Civ. P. 15(a)(2).  Courts apply this policy with "extreme liberality." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003).  Five factors are commonly used to assess the propriety of granting leave to amend: (1) bad faith, (2) undue delay, (3) prejudice to the opposing party, (4) futility of amendment, and (5) whether plaintiff has previously amended the complaint. *Allen v.*

ORDER GRANTING MOTION TO DISMISS WITH LEAVE TO AMEND - 6

*City of Beverly Hills*, 911 F.2d 367, 373 (9th Cir. 1990); *Foman v. Davis*, 371 U.S. 178, 182 (1962). In conducting this five-factor analysis, the court must grant all inferences in favor of allowing amendment. *Griggs v. Pace Am. Group, Inc.*, 170 F.3d 877, 880 (9th Cir. 1999). In addition, the court must be mindful of the fact that, for each of these factors, the party opposing amendment has the burden of showing that amendment is not warranted. *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 187 (9th Cir. 1987); *see also Richardson v. United States*, 841 F.2d 993, 999 (9th Cir. 1988).

The Court finds that the above deficiencies with the Complaint can possibly be cured by amendment. There has been no evidence of undue delay or bad faith. Defendant has failed to show that any amendment would be futile. Prejudice to Defendant if amendment is permitted will be minimal. Weighing all of the above factors, leave to amend will be granted.

### IV. CONCLUSION

Having reviewed the relevant pleadings and the remainder of the record, the Court hereby finds and ORDERS that Defendant Microsoft's Motion to Dismiss Plaintiff's Complaint under Rule 12(b)(6), Dkt. #23, is GRANTED. Plaintiff's claims are DISMISSED with leave to amend. Plaintiff shall have thirty (30) days to file an amended complaint. If Plaintiff fails to do so, Microsoft will be removed as a Defendant in this case.

DATED this 3rd day of November 2022.

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE

ORDER GRANTING MOTION TO DISMISS WITH LEAVE TO AMEND - 7