UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| QUINTE HARRIS, an individual, | Case No. C22-555RSM |
| Plaintiff, | ORDER DENYING MOTION TO EXTEND DISCOVERY DEADLINE |
| v. | |
| SKANSKA USA BUILDING INC., SKANSKA BALFOUR BEATTY JV, MICROSOFT CORPORATION, and BALFOUR BEATTY CONSTRUCTION LLC, corporations, | |
| Defendants. | |

This matter comes before the Court on Plaintiff Quinte Harris's Motion to Extend Discovery Deadline, Dkt. #53. This case was filed on April 25, 2022. Discovery closed on September 18, 2023. The Court granted a stipulated Motion permitting the deposition of Plaintiff to occur on November 10, 2023, and extending the trial date accordingly. Dkt. #55. The instant Motion, seeking to extend the deadline for other discovery to be requested and produced, is opposed. Trial is set for March 18, 2024.

Plaintiff moves for a two-month extension of discovery. The reason for this request is, "[d]ue to undersigned counsel's emergent commitments in other cases for the last four months, Plaintiff has not yet completed the discovery process." Dkt. #53 at 1. The Motion later states:

> Based on undersigned counsel's calendar and commitment to other cases, additional time for discovery is necessary to prosecute this

ORDER DENYING MOTION TO EXTEND DISCOVERY DEADLINE - 1

>  case effectively. The parties have already sought an extension of all other major deadlines. Plaintiff is seeking only an extension of an existing deadline commensurate with the other requested extensions.

*Id*. at 2. No further explanation is given. There is no attached declaration with further details.

A scheduling order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). The decision to modify a scheduling order is within the broad discretion of the district court. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 607 (9th Cir. 1992). "Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking amendment." *Id*. at 609. If a party has acted diligently yet still cannot reasonably meet the scheduling deadlines, the court may allow modification of the schedule. *Id*. "Mere failure to complete discovery within the time allowed does not constitute good cause for an extension or continuance." LCR 16(b)(6). This rule will be "strictly enforced" in order to "accomplish effective pretrial procedures and avoid wasting the time of the parties, counsel, and the court." LCR 16(m). While prejudice to an opposing party may provide additional reasons for denying the motion, it is not required under Rule 16(b). *Coleman v. Quaker Oats Co.*, 232 F.3d 1271, 1295 (9th Cir. 2000).

Plaintiff has the burden of demonstrating good cause to modify the scheduling order and has failed to do so. He makes no mention of diligence in his Motion. This appears to the Court as the classic situation of "mere failure to complete discovery within the time allowed," which the Court has routinely ruled insufficient to grant the requested relief. Unless Plaintiff can point to some further basis for modifying the scheduling order, discovery will remain closed except as to allow the deposition of Plaintiff, rescheduled for good cause based on the prior stipulated Motion of the parties.

ORDER DENYING MOTION TO EXTEND DISCOVERY DEADLINE - 2

The Court declines to award fees under Rule 11 as requested by Defendants. *See* Dkt. #56 at 6–7. Although Plaintiff's Motion fails to demonstrate diligence, it does point to the stipulated extension of the trial date as a non-frivolous basis for extending discovery.

Having reviewed the briefing and the remainder of the record, the Court hereby finds and ORDERS that Plaintiff Quinte Harris's Motion to Extend Discovery Deadline, Dkt. #53, is DENIED.

DATED this 6th day of October, 2023.

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE