UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| QUINTE HARRIS, an individual, | Case No. C22-555RSM |
| Plaintiff, | |
| v. | ORDER GRANTING MOTION FOR ATTORNEY FEES AND GRANTING IN PART MOTION FOR SANCTIONS |
| SKANSKA USA BUILDING INC., SKANSKA BALFOUR BEATTY JV, MICROSOFT CORPORATION, and BALFOUR BEATTY CONSTRUCTION LLC, corporations, | |
| Defendants. | |

This matter comes before the Court on Defendants' Motion for Attorneys' Fees, Dkt. #60, and Motion for Sanctions, Dkt. #62.

On August 17, 2023, Defendants filed a Motion to Compel. Dkt. #48. Plaintiff never responded. Discovery closed on September 18. On October 6, the Court granted Defendants' Motion, ordered Plaintiff to respond to Defendants' First Set of Discovery Requests within fourteen days, and found that reasonable fees and costs were warranted under Rule 37(a). Dkt. #59. Defendants filed a separate Motion requesting those fees, Dkt. #60, to which Plaintiff also failed to respond.

District courts have broad discretion to determine the reasonableness of fees. *Gates v. Deukmejian*, 987 F.2d 1392, 1398 (9th Cir. 1992). To make this determination, courts

ORDER GRANTING MOTION FOR ATTORNEY FEES AND GRANTING IN PART
MOTION FOR SANCTIONS - 1

determine the "lodestar amount," which is calculated by multiplying the number of hours reasonably expended by a reasonable hourly rate. *Camacho v. Bridgeport Fin., Inc.*, 523 F.3d 973, 978 (9th Cir. 2008). The lodestar figure is presumptively a reasonable fee award. *Id*. at 977. The court may adjust the lodestar figure up or down based upon the factors listed in *Kerr v. Screen Extras Guild, Inc.*, 526 F.2d 67, 70 (9th Cir.1975). The court need not consider the *Kerr* factors, however, unless necessary to support the reasonableness of the fee award. *Cairns v. Franklin Mint Co.*, 292 F.3d 1139, 1158 (9th Cir. 2002). Under Rule 37(a)(5), the fees may be paid by Plaintiff or Plaintiff's attorney.

The Court has reviewed the Motion for fees and the supporting declaration, which includes a reasonable rate and a spreadsheet of hours, and finds the total amount of $7,765 to be reasonable. Given the circumstances of this case, discussed further below, the Court finds that this shall be paid by Plaintiff's attorney.

Plaintiff failed to comply with the Court's Order compelling discovery. Defendants requested the extreme sanction of dismissal in a subsequent Motion. Plaintiff for a third time failed to file a written opposition brief.

The Court heard oral argument on November 17, 2023. Dkt. #65. Plaintiff's counsel offered at least two explanations for failing to respond to Defendants' motions: an error in her firm's calendaring system and an error by her paralegal. These explanations are not credible and are unsatisfactory. Even if true, they would not substantially justify Plaintiff's behavior. Defendants argued they were prejudiced by a lack of discovery materials when they took Plaintiff's deposition on November 10. Plaintiff's counsel apologized to the Court, stated that Plaintiff would produce all the outstanding discovery materials within the week, argued for a less severe sanction here, and offered to pay the cost of a second deposition.

ORDER GRANTING MOTION FOR ATTORNEY FEES AND GRANTING IN PART
MOTION FOR SANCTIONS - 2

Rule 37 states, in part:

> If a party... fails to obey an order to provide or permit discovery, including an order under Rule… 37(a), the court where the action is pending may issue further just orders. They may include the following:
>
> (i) directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims;
> (ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;
> (iii) striking pleadings in whole or in part;
> (iv) staying further proceedings until the order is obeyed;
> (v) dismissing the action or proceeding in whole or in part;
> (vi) rendering a default judgment against the disobedient party; or
> (vii) treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination.

Fed. R. Civ. P. 37(b)(2)(A). Rule 37(b)(2)(C) states: "[i]nstead of or in addition to the orders above, the court must order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." Before imposing a dismissal sanction, a district court should consider five factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." *Rio Properties, Inc. v. Rio Intern. Interlink*, 284 F.3d 1007, 1022 (9th Cir. 2002).

The Court finds that Plaintiff's failure to comply with the Court's Order was not substantially justified and that there are no circumstances making an award of expenses unjust. Plaintiff's counsel appears to agree, offering to cover some or all of these expenses and urging the Court not to punish her client for the errors of her firm. The Court finds that Plaintiff's

ORDER GRANTING MOTION FOR ATTORNEY FEES AND GRANTING IN PART MOTION FOR SANCTIONS - 3

counsel is entirely to blame for the offensive conduct and will order her to pay the reasonable expenses, including attorney's fees, caused by her failure to obey the Court's Order as set forth below.

Turning to the request for dismissal, the Court finds this to be an extreme sanction and unwarranted given the circumstances. Trial is set for March 18, 2024, and there is still time for discovery to be produced and another deposition to occur without significantly prejudicing Defendants. This is a case where the parties and the public would benefit from disposition on the merits. The Court believes that a lesser sanction is appropriate. However, because the outstanding discovery involves the issue of damages, the Court finds that preventing or excluding evidence of such would be roughly equivalent to dismissal. The Court will instead impose only the payment of expenses.

Having reviewed the briefing and the remainder of the record, the Court hereby finds and ORDERS:

1) Defendants' Motion for Attorneys' Fees, Dkt. #60, is GRANTED. Plaintiff's counsel shall pay Defendants $7,765.00 for their reasonable attorneys' fees incurred in bringing the Motion to Compel Discovery. This payment shall be made within thirty (30) days of this Order.

2) Defendants' Motion for Sanctions, Dkt. #62, is GRANTED IN PART AND DENIED IN PART as stated above. Plaintiff shall produce all outstanding discovery responses as soon as possible but no later than noon on November 22, 2023. Plaintiff shall sit for a second deposition at a mutually agreeable time and location. The cost of the deposition shall be covered by Plaintiff's counsel.

ORDER GRANTING MOTION FOR ATTORNEY FEES AND GRANTING IN PART
MOTION FOR SANCTIONS - 4

3) Plaintiff's counsel shall pay the following expenses caused by the failure to obey the Court Order: Defendants' reasonable attorney fees for preparing the Motion for Sanctions, attending the telephonic hearing on November 17, and for preparing for and taking the second deposition of Plaintiff.  Defendants are to submit a motion requesting such fees within fourteen days of Plaintiff's deposition.  Plaintiff may respond to that motion only to address to the reasonableness of the amount of fees.

DATED this 17th day of November, 2023.

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE