UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| QUINTE HARRIS, an individual,<br><br>　　　　Plaintiff,<br><br>v.<br><br>SKANSKA USA BUILDING INC., SKANSKA BALFOUR BEATTY JV, MICROSOFT CORPORATION, and BALFOUR BEATTY CONSTRUCTION LLC, corporations,<br><br>　　　　Defendants. | Case No. C22-555RSM<br><br>ORDER GRANTING MOTION TO EXTEND RESPONSE BRIEF DEADLINE |

　　　　This matter comes before the Court on Plaintiff Quinte Harris's Motion seeking to extend the deadline for his Response to Defendants' Motion for Summary Judgment by one week. Dkt. #82. The Response is due today, the same day the instant Motion was filed. *See* Dkt. #70; LCR 7(d)(3). The reasons for seeking the extension are as follows: "[d]ue to undersigned counsel's emergent commitments in other cases for the last two months, Plaintiff has not yet been able to complete the Response. Moreover, several of Plaintiff's counsel's staff have been out of the office intermittently for the last month because of illness, including COVID-19." Dkt. #82 at 1. The Court has reviewed the Motion and finds that it can rule without the need of responsive briefing.

　　　　For good cause, the Court may extend the time for an opposition brief if a request is made before the original time expires. Fed. R. Civ. P. 6(b)(1)(A). "'Good cause' is a non-rigorous standard that has been construed broadly across procedural and statutory contexts." *Ahanchian v. Xenon Pictures, Inc.*, 624 F.3d 1253, 1259 (9th Cir. 2010). Moreover, Rule

ORDER GRANTING MOTION TO EXTEND RESPONSE BRIEF DEADLINE - 1

6(b)(1) is "liberally construed to effectuate the general purpose of seeing that cases are tried on their merits." *Id*. at 1258-59 (citations omitted). As a result, requests for extensions of time that are determined under the good cause standard should "normally . . . be granted in the absence of bad faith on the part of the party seeking relief or prejudice to the adverse party." *Id*. at 1259.

The procedural history of this case is noteworthy. Plaintiff's counsel has repeatedly failed to file timely response briefing and has often failed to prosecute this case with diligence. *See* Dkts. #58, #59, and #60. The Court has sanctioned Plaintiff for discovery violations and awarded fees to be paid by Plaintiff's counsel personally. Dkt. #60. Currently pending before the Court is a Motion to dismiss the case entirely as a further discovery sanction. *See* Dkt. #75. Trial is set for June 10, 2024. Dkt. #69.

The Court finds that Plaintiff's counsel's explanations for seeking this extension are inadequate. However, given the procedural posture of the case, the lack of obvious prejudice to Defendants, and the pending Motion for Sanctions, the Court has determined that it would be inconsistent with the above law to deny this Motion at this time.

Having reviewed the briefing and the remainder of the record, the Court hereby finds and ORDERS that Plaintiff Quinte Harris's Motion for Extension of Time, Dkt. #82, is GRANTED. The deadline for Plaintiff's Response to Defendants' Motion for Summary Judgment, Dkt. #70, is extended from March 4, 2024, to March 11, 2024. The Reply brief deadline is likewise extended to March 15, 2024.

DATED this 4th day of March, 2024.

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE

ORDER GRANTING MOTION TO EXTEND RESPONSE BRIEF DEADLINE - 2