UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| QUINTE HARRIS, an individual,<br><br>    Plaintiff,<br><br>v.<br><br>SKANSKA USA BUILDING INC., SKANSKA BALFOUR BEATTY JV, MICROSOFT CORPORATION, and BALFOUR BEATTY CONSTRUCTION LLC, corporations,<br><br>    Defendants. | Case No. C22-555RSM<br><br>ORDER GRANTING DEFENDANTS' SECOND MOTION FOR SANCTIONS |

This matter comes before the Court on Defendants' "Motion for Additional Sanctions including Dismissal for Failure to Comply with the Court's Order," Dkt. #75, filed on February 14, 2024, and noted for consideration on March 1, 2024. The response brief was due February 26, 2024. *See* LCR 7(d)(3). Plaintiff Quinte Harris filed his response two days late. *See* Dkt. #77. Neither party has requested oral argument.

Plaintiff has repeatedly failed to produce discovery, to comply with the Court's rules, and to comply with the Court's orders. In granting Defendants' first request for sanctions, the Court summarized the situation as follows:

> On August 17, 2023, Defendants filed a Motion to Compel. Dkt. #48. Plaintiff never responded. Discovery closed on September 18. On October 6, the Court granted Defendants' Motion, ordered Plaintiff to respond to Defendants' First Set of Discovery Requests

ORDER GRANTING DEFENDANTS' SECOND MOTION FOR SANCTIONS - 1

> within fourteen days, and found that reasonable fees and costs were warranted under Rule 37(a). Dkt. #59. Defendants filed a separate Motion requesting those fees, Dkt. #60, to which Plaintiff also failed to respond.
>
> …
>
> Plaintiff failed to comply with the Court's Order compelling discovery. Defendants requested the extreme sanction of dismissal in a subsequent Motion. Plaintiff for a third time failed to file a written opposition brief. The Court heard oral argument on November 17, 2023. Dkt. #65. Plaintiff's counsel offered at least two explanations for failing to respond to Defendants' motions: an error in her firm's calendaring system and an error by her paralegal. These explanations are not credible and are unsatisfactory. Even if true, they would not substantially justify Plaintiff's behavior. Defendants argued they were prejudiced by a lack of discovery materials when they took Plaintiff's deposition on November 10. Plaintiff's counsel apologized to the Court, stated that Plaintiff would produce all the outstanding discovery materials within the week, argued for a less severe sanction here, and offered to pay the cost of a second deposition.

Dkt. #66 at 1–2. The Court discussed the possibility of dismissing the case but found it to be too severe of a sanction. Instead, the Court ordered Plaintiff to produce all outstanding discovery by November 22, 2023, and to sit for a second deposition, which occurred on January 26, 2024.

Defendants now inform the Court that Plaintiff conceded in his second deposition that he had failed to produce many responsive documents. *See* Dkt. #75 at 5–6. These documents include: "a number of emails between him and a reporter about the issues in the case… a text from one of Defendants' employees stating he had been fired… potentially hundreds of texts with Defendants' employees… emails with his union… [and] paychecks or paystubs." *Id*. at 6. Plaintiff testified that he did not look for emails that Defendants argue were responsive, and that he may have deleted responsive documents after this litigation started. *Id*. Of course,

ORDER GRANTING DEFENDANTS' SECOND MOTION FOR SANCTIONS - 2

Defendants needed these documents *before* the deposition in order to ask questions about them. Obtaining the documents now would necessitate a third deposition.

Following the January deposition, Plaintiff told Defendants, "I am already working on getting you documents. . . I will have the additional documentation to you on Monday, February 5." *See* Dkt. #76 ("Bishop Decl.") at Ex. 6. Defendants say this additional production never occurred.

Plaintiff's Response brief offers no explanation for being filed two days late and does not address his failure to provide the additional documentation. *See* Dkt. #77. Instead, it discusses the merits of the claims, which, regrettably, may no longer be relevant. Then Plaintiff points out all the discovery that *was* produced. Plaintiff "denies that he is in defiance of the Court's orders" and states that he "has shown that he is able to comply with the Court's orders and will do so again" if the Court orders him to produce further documents. *Id*. at 2. Plaintiff does not address the unproduced discovery item by item, or meaningfully rebut the accusation that he failed to look for responsive documents or may have deleted responsive documents. There is no attached declaration.

Rule 37 states, in part:

> If a party... fails to obey an order to provide or permit discovery, including an order under Rule… 37(a), the court where the action is pending may issue further just orders. They may include the following:
>
> (i) directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims;
> (ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;
> (iii) striking pleadings in whole or in part;
> (iv) staying further proceedings until the order is obeyed;
> (v) dismissing the action or proceeding in whole or in part;

ORDER GRANTING DEFENDANTS' SECOND MOTION FOR SANCTIONS - 3

>   (vi) rendering a default judgment against the disobedient party; or
>   (vii) treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination.

Fed. R. Civ. P. 37(b)(2)(A). Rule 37(b)(2)(C) states: "[i]nstead of or in addition to the orders above, the court must order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." Before imposing a dismissal sanction, a district court should consider five factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." *Rio Properties, Inc. v. Rio Intern. Interlink*, 284 F.3d 1007, 1022 (9th Cir. 2002). In addition, the Court should consider whether Plaintiff is willfully failing to comply with the Court's orders and rules. *Henry v. Gill Indus., Inc.*, 983 F.2d 943, 948 (9th Cir. 1995).

The Court concludes that Defendants' list of unproduced and deleted documents is accurate and that these documents were relevant, some highly relevant, to this case. The time for ordering further production of documents is over. Discovery closed nearly six months ago. Defendants should not have to work this hard to develop the factual record. Although the Court has shifted fees and costs, this process has clearly prejudiced Defendants and to proceed to trial at this point would put Defendants at an unreasonable disadvantage.

There is evidence in the record for the Court to believe Plaintiff willfully failed to turn over responsive documents within his possession and has likely destroyed documents after legal proceedings began. This evidence is not rebutted or explained away by Plaintiff. Even after being sanctioned, Plaintiff has failed to comply with the Court's orders.

ORDER GRANTING DEFENDANTS' SECOND MOTION FOR SANCTIONS - 4

Given all of the above, the Court finds that the extreme sanction of dismissal is now warranted. In considering the relevant factors, the Court finds it to be in the public's interest to expeditiously resolve this litigation. The Court needs to manage its docket and has taken every effort to provide Plaintiff with opportunities to respond to Defendants' arguments, including setting oral argument after Plaintiff failed to respond to a Motion seeking dismissal of this case. As noted above, Defendants have established the risk of prejudice. The Court has said repeatedly that it would favor disposition on the merits, and that does weigh against dismissal as a sanction. However, the Court concludes that no less drastic sanction is available given Plaintiff and his counsel's track record in this case.

Defendants do not request a further award of expenses in addition to dismissal, and the Court finds that the circumstances make an additional award of expenses unjust.

Having reviewed the briefing and the remainder of the record, the Court hereby finds and ORDERS that Defendants' second Motion for Sanctions, Dkt. #75, is GRANTED. Plaintiff's claims are DISMISSED under Rule 37(b)(2). The pending Motion for Summary Judgment, Dkt. #70, is STRICKEN as MOOT. This case is CLOSED.

DATED this 6th day of March, 2024.

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE