UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| QUINTE HARRIS, an individual,<br><br>    Plaintiff,<br><br>v.<br><br>SKANSKA USA BUILDING INC., SKANSKA BALFOUR BEATTY JV, MICROSOFT CORPORATION, and BALFOUR BEATTY CONSTRUCTION LLC, corporations,<br><br>    Defendants. | Case No. C22-555RSM<br><br>ORDER DENYING MOTION FOR RECONSIDERATION |

This matter comes before the Court on Plaintiff's Motion for Reconsideration, Dkt. #86. Plaintiff Quinte Harris seeks reconsideration of the Court's Order granting Defendants' Second Motion for Sanctions and dismissing the case, Dkt. #85. In that Order, the Court began by noting that Plaintiff and/or his counsel had a history of "repeatedly fail[ing] to produce discovery, to comply with the Court's rules, and to comply with the Court's orders." *Id.* at 2. In addition to everything leading up to that moment, Plaintiff filed his response to Defendants' Motion two days late. *Id.* at 1. After reviewing all the briefing, the Court dismissed the case as a Rule 37 discovery sanction, finding that Plaintiff had admitted in his second deposition that he had failed to produce many responsive documents, that he may have destroyed responsive documents after this litigation began, and that he failed to supplement his discovery responses after the deposition despite indicating he would do so. *See id.* at 2–3. Plaintiff's response brief offered no explanation for being filed late and failed to address the outstanding discovery item

ORDER DENYING MOTION FOR RECONSIDERATION - 1

by item.  Plaintiff argued there was no prejudice to Defendants, but the Court noted that the delay in producing these documents could necessitate a third deposition of Plaintiff.  The Court found that "[t]he time for ordering further production of documents is over" and that "Defendants should not have to work this hard to develop the factual record." *Id*. at 4.  Because Plaintiff had previously been sanctioned by the Court under Rule 37, the Court found that dismissal was warranted after going through the factors outlined in *Rio Properties, Inc. v. Rio Intern. Interlink*, 284 F.3d 1007, 1022 (9th Cir. 2002).

In the instant Motion, Plaintiff asks the Court to vacate its Order.  Plaintiff discusses the merits of his case.  Dkt. #86 at 1–2.  He states:

> The Court granted the Motion based on imperfect information, which Mr. Harris and undersigned counsel apologize for profusely.  In fact, as Mr. Harris testifies to in the accompanying signed and sworn Declaration, he has produced all of the responsive documents in his possession and that, in a fit of confusion, frustration, and upset, Mr. Harris misstated at his deposition how many documents existed. *See* Declaration of Quinte Harris. There were only eight non-duplicative, non-privileged documents Mr. Harris found, which Plaintiff's counsel has attached to her Declaration, which also accompanies this Motion. *See* Declaration of Caroline Janzen. Mr. Harris [sic] willing to have his electronic devices reviewed by opposing counsel to confirm this.

*Id.* at 2.

"Motions for reconsideration are disfavored."  LCR 7(h)(1).  "The court will ordinarily deny such motions in the absence of a showing of manifest error in the prior ruling or a showing of new facts or legal authority which could not have been brought to its attention earlier with reasonable diligence."  *Id*.  "The motion shall point out with specificity the matters which the movant believes were overlooked or misapprehended by the court, any new matters being brought to the court's attention for the first time, and the particular modifications being sought in the court's prior ruling."  LCR 7(h)(2).

ORDER DENYING MOTION FOR RECONSIDERATION - 2

Plaintiff does not argue the Court's prior Order was in error, instead arguing that there are new facts. Plaintiff cites a Northern District of California case for the standard for this motion but not the above local rule. *See* Dkt. #86 at 2–3. In the Western District we require "a showing of new facts or legal authority which could not have been brought to its attention earlier with reasonable diligence," not just "newly discovered evidence." The distinction is important and particularly so in this case given the procedural history. Essentially, Plaintiff and his counsel have been repeatedly unreasonable and undiligent in finding and producing evidence. Here again Plaintiff has not shown that his new evidence could not have been presented in a timely response to Defendant's Motion. In any event, the newly discovered evidence appears to simply be a subsequent sworn declaration contradicting deposition testimony and eight pages of previously unproduced emails with several redactions. *See* Dkts. #87 and #88-1. The new evidence is mixed at best, considering that Plaintiff argued he produced everything he had to Defendants, then attaches *more* documents. The Court concludes that this new evidence could have been brought earlier and does not justify reconsideration. Plaintiff's arguments about the merits of his case do not show manifest error in the Court's prior Order. The Court had several reasons for dismissing this case as a sanction after considering the merits of the case. The Court stands by the reasoning in its prior Order.

Having reviewed the briefing and the remainder of the record, the Court hereby finds and ORDERS that Plaintiff's Motion for Reconsideration, Dkt. #86, is DENIED. This case remains CLOSED.

DATED this 21st day of March, 2024.

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE

ORDER DENYING MOTION FOR RECONSIDERATION - 3